1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   G & G CLOSED CIRCUIT EVENTS,              No.  2:22-cv-1089 DB
     LLC,
12

13              Plaintiff,                      ORDER AND

14        v.                                    FINDINGS AND RECOMMENDATIONS

15   LA PLACITA RM RESTAURANT INC.,
     et al.,
16

17              Defendants.

18

19        This matter came before the undersigned on January 13, 2023, for hearing of plaintiff

20   G&G Closed Circuit Events LLC's ("plaintiff") motion for a default judgment against defendants

21   La Placita RM Restaurant Inc, Maria Mercado Garin, and Rafael Zepeda individually and in their

22   capacity as owners of La Placita Taqueria ("defendants").  Attorney Thomas P. Riley appeared on

23   behalf of plaintiff via Zoom.  No appearance was made by a defendant or on their behalf.

24        Oral argument was heard, and the motion was taken under submission.  Considering all

25   documents submitted regarding the motion and oral argument, the undersigned recommends

26   plaintiff's motion for default judgment be granted.

27   ////

28   ////

                                                1

1

**BACKGROUND**

2          Plaintiff initiated this matter by filing a complaint on June 24, 2022, and paying the

3    required filing fee.  (ECF No. 1.)  Plaintiff, G&G Closed Circuit Events LLC, is a California

4    corporation in the business of distributing and licensing sporting events.  (Compl. (ECF No. 1) at

5    6[1].)  Plaintiff's complaint alleges that it was granted exclusive rights to the nationwide

6    distribution of *Manny Pacquiao v. Yordenis Ugas* ("*Program*"), telecast on August 21, 2021.

7    (Id.)  Plaintiff entered into sublicensing agreements with commercial entities, granting rights to

8    exhibit the *Program* at their respective establishments.  (Id.)  Plaintiff expended resources

9    marketing and transmitting the *Program* to customers.  (Id.)  Defendants are the owners,

10   operators, licensees, permittees, or persons in charge of the commercial establishment doing

11   business as La Placita Taqueria, operating at 222 N. El Dorado, Suite D, Stockton, CA 95202.

12   (Id. at 3.)  Plaintiff's complaint alleges defendants, without purchasing a sublicense, unlawfully

13   screened the *Program* on August 21, 2021, in their establishment.  (Id. at 7.)  Based on these

14   allegations the complaint alleges claims pursuant to 47 U.S.C. § 605, *et seq.*, 47 U.S.C. § 533, *et*

15   *seq.*, for conversion; and violation of the California Business and Professions Code § 17200, *et*

16   *seq.*  (Id. at 1.)

17          Proof of service of process on defendants was filed on August 12, 2022.  (ECF Nos. 6, 7,

18   8).  On September 2, 2022 plaintiff filed a request for entry of defendants' default.  (ECF No. 9.)

19   Default was entered on September 6, 2022.  (ECF No. 10.)  Plaintiff filed a motion for default

20   judgment on November 16, 2022.  (ECF No. 11.)  Defendants were served with the request for

21   entry of default and the motion for default judgment.  (ECF No. 9 at 3; ECF No. 11 at 4.)  The

22   matter came before the undersigned for hearing on January 13, 2023.  Attorney Thomas P. Riley

23   appeared on behalf of the plaintiff.  No appearance was made by a defendant or on their behalf.

24   (ECF No. 13.)

25   ////

26   ////

27

28   [1] Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing.  Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means.  Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion.  Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980).  The court considers a variety of factors in exercising its discretion.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Among them are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

**ANALYSIS**

**1.  The Eitel Factors Favor Entry of Default Judgment**

**a.  Possibility of Prejudice to the Plaintiff**

The first Eitel factor contemplates the possibility of prejudice to the plaintiff if a default judgment is not entered.  Eitel, 782 F.2d at 1471.  Prejudice can be established where failure to enter a default judgment would leave plaintiffs without a proper remedy.  Pepsico, Inc. v. Cal.

Sec. Cans, 238 F.Supp.2d 1172, 1177 (C.D. Cal 2002).  Here, plaintiff has no alternative for recovering damages suffered as a result of defendants' act of piracy.  Since defendants failed to appear in this action, denial of default judgment would leave plaintiff no remedy for this injury. Accordingly, the first factor weighs in favor of default judgment.

### b.  Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

The second and third Eitel factors jointly examine whether the plaintiff has pleaded facts sufficient to establish and succeed upon its claims.  Pepsico, Inc., 238 F.Supp.2d at 1175 (citing Kleopping v. Fireman's Fund, 1996 WL 75314, at *2 (N.D. Cal. Feb. 14, 1996)).  Plaintiff's motion for default judgment seeks recovery on its Section 605 and conversion claims; the elements and facts alleged in support are examined below.  (ECF No. 11 at 3.)

### i.  Violation of 47 U.S.C. § 605

A violation of Section 605 requires that a defendant "(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff."  Nat'l Subscription Television v. S & H TV, 644 F.2d 820, 826 (9th Cir. 1981).  Since the 1984 amendments to Section 605, communications protected by the statute include satellite television signals.  Sosa v. DIRECTV, Inc., 437 F.3d 923, 926 (9th Cir. 2006).  Where direct evidence of a defendant's satellite signal piracy is unavailable, circumstantial evidence may suffice.  Id.

Here, plaintiff established exclusive ownership of the distribution rights to the *Program*. (ECF No. 1 at 6.)  Plaintiff has provided evidence that defendants were never granted a sublicense to the *Program*.  (Id.)  However, an investigator visiting La Placita Taqueria on August 21, 2021, witnessed the *Program* being broadcast on a television within the establishment.  (ECF No. 11-2 at 2.)  Plaintiff acknowledges their inability to determine the method of interception.  (ECF No. 11-1 at 9.)  Given the circumstances it can be inferred the broadcast relied on an unlawful interception of the *Program*.  See J & J Sports Prods. Inc. v. Barajas, No. 115-cv-01733 TLN JLT, 2016 WL 1110446, at *3 (E.D. Cal. Mar. 22, 2016).  Plaintiff has alleged facts meeting the elements for a claim under Section 605.

////

1    **ii.  Conversion**

2    A conversion claim requires that the plaintiff has "(1) ownership of or right to possess the

3    property at time of conversion, (2) that the defendant disposed of the plaintiff's property rights or

4    converted the property by wrongful act, and (3) damages." Bank of New York v. Fremont

5    General Corp., 523 F.3d 902, 914 (9th Cir. 2008).  Here, plaintiff has established exclusive

6    ownership of the distribution rights to the *Program*.  (ECF No. 1 at 6.)  See G & G Closed Cir.

7    Events, LLC v. Saddeldin, No. 1:10-CV-00062-AWI-SK, 2010 WL 3036455, at *4 (E.D. Cal.

8    Aug. 2, 2010) (stating that exclusive distribution rights constitute a right to possession of property

9    for purposes of conversion).

10   Additionally, plaintiff has shown that the defendants engaged in signal piracy when

11   exhibiting the *Program* without a sublicense causing plaintiff to suffer financial loss of the

12   sublicensing fee.  (ECF No. 11-1 at 16.)  Plaintiff's investigator observed 6 patrons in La Placita

13   Taqueria, with an approximate capacity of 75 people.  (ECF No. 11-2 at 2.)  The rate card for the

14   *Program* states a sublicensing fee of $1,300 for a capacity of 1-100 people.  (ECF No. 11-3 at

15   22.)  Plaintiff has established damages for conversion in the amount of $1,300.  See Joe Hand

16   Promotions, Inc. v. Dhillon, No. 2:15-cv-1108-MCE-KJN, 2015 WL 7572076, at *6 (E.D. Cal.

17   Nov 25, 2015).  Thus, plaintiff has successfully established a claim for conversion.

18   **c.  Sum of Money at Stake**

19   In weighing the fourth Eitel factor, "the court must consider the amount of money at stake

20   in relation to the seriousness of the defendant's conduct." PepsiCo, Inc., 238 F.Supp.2d at 1176-

21   77.  The factor weighs against default judgment when a large sum of money is at stake.  Eitel, 782

22   F. 2d. at 1472.

23   Here, plaintiff seeks $5,200 in statutory damages and $25,000 in enhanced damages under

24   Section 605.  (ECF No. 11-1 at 12.)  Plaintiff also seeks $1,300 in compensatory damages for

25   conversion, an amount equal to the sublicensing fee.  (ECF No. 11-1 at 12.)  Plaintiff is seeking a

26   moderate sum of money; however, courts are granted discretion in awarding damages.  The

27   undersigned declines to recommend judgment in the amount requested, as discussed below.  As

28   such, this factor does not weigh against default judgment.

1       **d.  Possibility of Disputed Material Facts**

2       The fifth <u>Eitel</u> factor examines whether a dispute regarding material fact exists.  <u>Eitel</u>, 782

3 F.2d. at 1471-72.  Here, defendants failed to appear leading to an entry of default.  (ECF No. 10.)

4 Given the circumstances there is no possibility for a dispute in material fact.  <u>See</u> <u>Elektra Entm't</u>

5 <u>Group, Inc. v. Crawford</u>, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a

6 well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no

7 likelihood that any genuine issue of material fact exists").  The factor weighs in favor of a default

8 judgment.

9       **e.  Whether the Default Was Due to Excusable Neglect**

10       The sixth <u>Eitel</u> factor considers whether defendants' failure to answer is due to excusable

11 neglect.  <u>Eitel</u>, 782 F.2d at 1471-72.  This factor considers due process, ensuring defendants are

12 given reasonable notice of the action.  <u>See</u> <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339

13 U.S. 306, 314 (1950).

14       Here, defendants were properly served with a copy of the complaint.  (ECF Nos. 6-8.)

15 Additionally, defendants were served with copies of plaintiff's request to enter default and

16 plaintiff's motion for default judgment.  (ECF No. 9 at 3; ECF No. 11 at 4.)  Under the

17 circumstances, it is unlikely that the defendants' actions were the result of excusable neglect.

18 <u>Shanghai Automation Instrument Co., Ltd. v. Kuei</u>, 194 F.Supp.2d 995, 1005 (N.D. Cal.

19 2001) (finding no excusable neglect because the defendants were served with the complaint, the

20 notice of entry of default, as well as the papers in support of the instant motion).  This factor does

21 not weigh against default judgment.

22       **f.  Policy of Deciding Cases on the Merits**

23       The seventh <u>Eitel</u> factor considers the courts general disposition favoring judgments on

24 the merits.  <u>Eitel</u> 782 F.2d at 1472.  The defendants' failure to appear has made a judgment on the

25 merits impossible.  Accordingly, this factor does not weigh against a default judgment.

26       Given the complaint and in consideration of the <u>Eitel</u> factors, the undersigned finds the

27 factors weigh in favor of granting plaintiff's motion for default judgment.

28 ////

**2. Terms of Judgment**

The undersigned having found default judgment is appropriate, must now address the issue of damages.  After considering the plaintiff's briefing and the record in this case the undersigned recommends an award of statutory damages pursuant to Section 605 in the amount of $3,000.  However, the undersigned does not recommend enhanced damages pursuant to Section 605 or damages for conversion.

**a. Damages Under 47 U.S.C. § 605**

Each violation of Section 605 allows a plaintiff to recover an award of statutory damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just."  47 U.S.C. § 605(e)(3)(C)(i)(II).  The statute further provides that enhanced damages may be awarded up to $100,000, where the court finds that "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain."  47 U.S.C. 605(e)(3)(C)(ii).  Courts maintain their discretion in determining the appropriate amount of damages.  Kingvision Pay–Per–View, Ltd. v. Backman, 102 F.Supp.2d 1196, 1198 (N.D. Cal. 2000).

**i. Statutory Damages**

Plaintiff's motion for default judgment requests $5,200 in statutory damages.  (ECF No. 11 at 3.)  The court can consider the following factors when determining statutory damages: promotional advertising by the defendant, the capacity of the establishment, the number of patrons present at the time of the broadcast, a cover charge, the number and size of televisions used for the broadcast, and whether a premium was charged on food and drink.  Integrated Sports Media, Inc. v. Naranjo, No. 1:10-CV-00445, 2010 WL 3171182, at *4 (E.D. Cal. Aug. 11, 2010).  Courts may also consider whether the defendants are repeat offenders.  Backman, 102 F. Supp. 2d at 1198.  Courts weigh all factors, awarding statutory damages "according to the totality of the relevant circumstances."  G & G Closed Cir. Events, LLC v. Olvera, No. 2:18-CV-02467 MCE AC, 2020 WL 1503376, at *3 (E.D. Cal. Mar. 30, 2020).

Here, the plaintiff has submitted evidence establishing that the defendants advertised showing the *Program* on their Instagram.  (ECF No. 11-4 at 11.)  Moreover, an investigator's affidavit submitted by plaintiff states an approximate capacity of 75 people at the establishment

and that six people were present prior to the investigator's departure.  (ECF No. 11-2 at 2.)  The investigator also stated that the *Program* was shown on one of two televisions, and that the television was approximately 50-60 inches wide.  (Id.)  Plaintiff provided no evidence that defendants imposed a cover charge, a premium on food and drinks, or that the defendants engaged in signal piracy on previous occasions.

Under these circumstances, the undersigned will recommend an award of statutory damages in the amount of $3,000—more than twice the amount defendants would have paid for a license.  The amount is proportional to the violation, while serving as a deterrence of future violations as Section 605 intended.  In addition, it aligns with statutory damages awarded in similar circumstances in this district.  See G & G Closed Circuit Events, LLC v. Barajas-Quijada, Case No. 1:19-cv-1259 AWI JLT, 2020 WL 64782, at *5 (E.D. Cal.  Jan. 7, 2020) (recommending "award of $5,600—which is twice the cost of a proper sublicense" where 54 patrons were present, defendant advertised, and collected a cover charge); J & J Sports Productions, Inc. v. Carranza, CASE NO. 1:15-CV-1041 TLN SMS, 2015 WL 12681674, at *2 (E.D. Cal. Dec. 29, 2015) ("plaintiff has not demonstrated any damages greater than the loss of the $1,400 licensing fee and the facts do not warrant statutory damages in excess of $1,400"); Naranjo, 2010 U.S. Dist. WL 3171182, at *6 (awarding $1,000 in statutory damages without enhanced damages where the capacity of the restaurant was forty, the number present ranged from 12 to 20, no admission fee was charged, and the program was displayed on a single television).

### ii.  Enhanced Damages

Plaintiff seeks enhanced damages in the amount of $25,000.  (ECF No. 11-1 at 12.) Plaintiff argues that defendants' unlawful actions were committed willfully and for financial gain. (ECF No. 11-1 at 15.)  While it is true that the complaint's factual allegations are taken as true, the same cannot be said for allegations relating to damages.  Geddes, 559 F.2d at 560 ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

////

8

Here, the only evidence in support of enhanced damages is a single Instagram post.  (ECF No. 11-4 at 11.)  There is no evidence of a cover charge, or a premium on food and drinks, and the *Program* was displayed on one of two televisions with six people present.  (ECF No. 11-2 at 2.)  The plaintiff fails to establish defendants' financial gain.  See Backman, 102 F. Supp. 2d at 1198 (noting that "there were only 16 patrons in Defendant's establishment at the time of the violation, any commercial advantage or private financial gain was minimal at best.").  Under the circumstances, the undersigned declines to recommend awarding enhanced damages.

**b.  Damages for Conversion**

Plaintiff also requests damages in the amount of $1,300 for conversion.  (ECF No. 11-1 at 3).  Given that plaintiff sought and has been awarded statutory damages under Section 605, plaintiff has been sufficiently compensated, and an additional award for conversion is redundant.  See Barajas-Quijada, 2020 WL 635264 at *4 ("this Court has repeatedly declined to award damages for conversion in addition to statutory damages for the same wrong"); J & J Sports Productions, Inc. v. Carranza, Case No. 1:15-cv-1041 TLN SMS, 2015 WL 12681674, at *3 (E.D. Cal. Dec. 29, 2015) ("Damages awarded under section 605 sufficiently compensate Plaintiff.  Additional damages for conversion are not recommended."); J & J Sports Prods., Inc. v. Mannor, No. 2:10-CV-3021-LKK-JFM, 2011 WL 1135356, at *3 (E.D. Cal. Mar. 28, 2011) (stating that "plaintiff has been sufficiently compensated through the federal statutory scheme" where the award total was $3,200 and the cost of the proper license was $2,200); J & J Sports Prods., Inc. v. Bachman, No. 209CV01225FCDKJN, 2010 WL 11575444, at *6 (E.D. Cal. May 7, 2010) (not awarding conversion damages where the amount of statutory damages "sufficiently compensate[d]" the plaintiff).

## CONCLUSION

Having considered the Eitel factors, the undersigned finds they weigh in favor of a default judgment for plaintiff.  The undersigned finds that an award of statutory damages in the amount of $3,000 is appropriate to compensate plaintiff and deter future violations by defendants.  However, because there is no evidence of willfulness on the part of defendants, and because plaintiff has been sufficiently compensated by statutory damages, the undersigned does not

9

1    recommend awarding enhanced damages or damages for conversion.

2            For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the Court

3    randomly assign this action to a District Judge.

4            Also, IT IS HEREBY RECOMMENDED that:

5            1.   Plaintiff's November 16, 2022, motion for default judgment (ECF No. 11.) be granted.

6            2.   Judgment be entered against defendants in the sum of $3,000; and

7            3.   This case be closed.

8            These findings and recommendations are submitted to the United States District Judge

9    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

10   days after these findings and recommendations are filed, any party may file written objections

11   with the court.  A document containing objections should be titled "Objections to Magistrate

12   Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed

13   within 14 days after service of the objections.  The parties are advised that failure to file

14   objections within the specified time may, under certain circumstances, waive the right to appeal

15   the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16   Dated:  August 7, 2023

17

18                                                    _____

19                                                    DEBORAH BARNES
                                                     UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27   DLB:6
     DB\orders\orders.civil\g&g1089.mdj.fr.zm2
28