UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LA PLACITA RM RESTAURANT INC., et al.,<br><br>　　　　　Defendants. | No. 2:22-cv-01089-DAD-DB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. Nos. 11, 14) |

　　　　On June 24, 2022, plaintiff G & G Closed Circuit Events, LLC, filed this action against defendants La Placita RM Restaurant LLC and its officers, Maria Garin and Rafael Zepeda, alleging violation of 47 U.S.C. § 605, *et seq.* and other laws in connection with defendants' showing in their establishment a pay per view boxing match telecast without purchasing the appropriate license to do so. (Doc. No. 1.) On July 18, 2022, defendants were served with the summons and complaint, and the executed summonses were filed with the court on August 12, 2022. (Doc. Nos. 6, 7, 8.) None of the defendants filed an answer, responsive pleading, or otherwise appeared in this action. Accordingly, on September 2, 2022, plaintiff filed a request for entry of default against defendants (Doc. No. 9), and default was entered by the Clerk of the Court against defendants on September 6, 2022. (Doc. No. 10). On November 16, 2022, plaintiff

/////

1

1    filed the pending motion for default judgment.  (Doc. No. 11.)  This matter was referred to a

2    United States Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 302.

3            On August 8, 2023, the assigned magistrate judge issued findings and recommendations

4    recommending that plaintiff's motion for default judgment be granted.  (Doc. No. 14.)  However,

5    the magistrate judge recommended the award of $3,000 in statutory damages under 47 U.S.C. §

6    605, rather than the $5,200 in statutory damages sought by plaintiff in its motion.  (*Id*. at 7.)  In

7    addition, the magistrate judge declined to recommend the award of enhanced damages, rejecting

8    plaintiff's request for an award of $25,000 in that regard, and also declined to recommend the

9    award of damages as to plaintiff's conversion claim,[1] finding that such an award would be

10   redundant to the amount in statutory damages recommended.  (*Id.* at 8–9.)

11           The findings and recommendations provided that any objections thereto were to be filed

12   within fourteen (14) days.  (*Id.* at 11.)  On August 22, 2023, plaintiff filed timely objections to the

13   pending findings and recommendations.  (Doc. No. 15.)[2]  Therein, plaintiff objects to the

14   recommendation that it not be awarded the amount of statutory damages, conversion claim related

15   damages, and exemplary damages it sought in its motion for entry of default judgment.[3]  (Doc.

16   No. 15.)  Plaintiff also objects to the recommendation that the case now be closed, contending

17   that following the entry of judgment it should first be allowed fourteen days in which to file a

18   motion for attorneys' fees and costs to which it is entitled.  (*Id.* at 10–11.)

19           As noted, the pending findings and recommendations recommend the award of $3,000 in

20   statutory damages under 47 U.S.C. § 605, with no award of enhanced damages or damages on

21   plaintiff's conversion claim.  Under the circumstances of this case as described in the findings

22   /////

---

[1] Plaintiff sought an award of $1,300 as to its conversion claim in the pending motion.

[2] Unsurprisingly in light of defendants' default, no reply to plaintiff's objections has been filed and the time to do so has passed.

[3] Specifically, plaintiff seeks a judgment awarding it $5,200 in statutory damages, $1,300 in damages on its conversion claim and $25,000 in exemplary damages for a total award of $31,500 in damages.

and recommendations,[4] the undersigned finds the recommended total damages award of $3,000 to be appropriate here.  The undersigned does not find any of plaintiff's arguments challenging that damages award in this case to be persuasive.  *See Innovative Sports Management, Inc. v. Fernandez*, 19-cv-02120-TJH-PLA, 2021 WL 6065694, at *2 (C.D. Cal. Dec. 22, 2021) (awarding statutory damages of $2,000 and declining to impose a willfulness enhancement award in a case involving no cover charge or increased prices, only six customers present, where there was a dispute about how many televisions were showing the game telecast in question and the defendant was not a repeat offender); *J & J Productions, Inc. v. Strange Clouds Hookah Lounge, Inc.*, No. 2:17-cv-11300, 2018 WL 783248, at *3 (E.D. Mich. Feb. 8, 2018) (awarding a total of $3,000 in damages as part of a default judgment where the unlicensed fight telecast was being shown on fourteen televisions, but there was no cover charge, no pricing increase, the establishment was nowhere near capacity, it was defendant's first violation and therefore no willful violation of § 605 was found); *Joe Hand Promotions v. Plummer*, Civ. Action No. 3:14-cv-00001, 2014 WL 3749148, at *3 (N.D. Miss. July 29, 2014) ("Considering Plaintiff's evidence, the small size of the crowd viewing the Program, and the fact that Defendant is not a repeat offender, the Court finds $3,000 in statutory damages is sufficient and declines to award enhanced damages."); *Joe Hand Promotions v. Brown*, No. 2:10-cv-00224-GEB-DAD, 2010 WL 4365537 (E.D. Cal. Oct. 27, 2010), *findings and recommendations adopted by* 2010 WL 11700703 (E.D. Cal. Dec. 13, 2010) (awarding $4,925 in total damages where the program was broadcast on six 60-inch televisions, and there was no premium charged for food or drink).

      Finally, the undersigned agrees that plaintiff is entitled to file a motion seeking an award of attorneys' fees and costs no later than fourteen days from the entry of judgment.  *See* 47 U.S.C. § 605(e)(3)(B)(iii); *see also* Fed. R. Civ. Proc. 54(d); E.D. Cal. Local Rule 292 and 293.  However, the court also observes that in many cases such as this one, the motion for attorneys'

---

[4] The findings and recommendations note that the only advertisement was a short Instagram post on the night of the event, the establishment had a capacity of 75 but only six people were present, the boxing match was shown on only one of the two television sets in the establishment and that screen was only 50-60 inches wide, there was no cover charge or premium charged for food or drink, and the defendant restaurant was a first time offender with respect to such activity.

fees and costs is submitted with the motion for entry of default judgment in anticipation that the latter motion will be granted. That practice allows the court to include the award of attorneys' fees and costs in the order granting default judgment.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court conducted a *de novo* review of the case. Having carefully reviewed the file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued on August 8, 2023 (Doc. No. 14) are adopted in full;

2. Plaintiff's motion for default judgment against defendants (Doc. No. 11) is granted;

3. Default judgment is entered in favor of plaintiff and against defendants, in the amount of $3,000; and

4. Plaintiff shall file any motion for attorneys' fees pursuant to 47 U.S.C. § 605 and costs no later than fourteen days from the entry of judgment. Any failure by plaintiff's to file such a motion within the time provided will result in an order directing the Clerk of the Court to close this case.

IT IS SO ORDERED.

Dated:   **September 8, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4