UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LA PLACITA RM RESTAURANT INC., et al.,<br><br>Defendants. | No. 2:22-cv-01089-DAD-DB<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 47 U.S.C. § 605<br><br>(Doc. No. 17) |

This matter is before the court on plaintiff's motion for an award of attorneys' fees and costs following the entry of default judgment against defendants. (Doc. No. 17.) On October 12, 2023, plaintiff's motion was taken under submission to be decided on the papers. (Doc. No. 19.) For the reasons explained below, the court will grant plaintiff's motion, in part.

**BACKGROUND**

On June 24, 2022, plaintiff G & G Closed Circuit Events, LLC, filed this action against defendants La Placita RM Restaurant LLC and its officers, Maria Garin and Rafael Zepeda, alleging violation of 47 U.S.C. § 605, *et seq.* and other laws in connection with defendants' showing in their establishment a pay per view boxing match telecast without purchasing the appropriate license to do so. (Doc. No. 1.) Because none of the defendants filed an answer,

/////

1

responsive pleadings, or otherwise appeared in this action, default was entered by the Clerk of the Court against defendants on September 2, 2022.  (Doc. No. 10.)

On November 16, 2022, plaintiff file a motion for default judgment, seeking "$5,200 in statutory damages and $25,000 in enhanced statutory damages, for a total award under § 605 of $30,200" and "$1,300 in conversion damages."  (Doc. No. 11-1 at 15, 22.)  On August 8, 2023, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for default judgment be granted, but that amount of the award be $3,000 in statutory damages under 47 U.S.C. § 605, with no award of either enhanced damages or damages on plaintiff's conversion claim.  (Doc. No. 14.)  On September 11, 2023, the undersigned adopted those findings and recommendations and granted default judgment in favor of plaintiff and against defendants in the amount of $3,000.00.  (Doc. No. 16 at 4.)  Plaintiff was also directed to file any motion for attorneys' fees pursuant to 47 U.S.C. § 605 and costs no later than fourteen days from the entry of judgment.  (*Id.*)

On September 22, 2023, plaintiff timely filed the pending motion for attorneys' fees and costs pursuant to 47 U.S.C. § 605.  (Doc. No. 17.)  Therein, plaintiff "requests that the court order defendants to pay costs in the amount of $1,428.70 and attorneys' fees in the amount of $7,106.90, consisting of 3.5 hours of work at $600.00 per hour by plaintiff's counsel Thomas P. Riley, Esq. ("Riley"), 12.5 hours of work performed by an unidentified "research attorney" at $325.00 per hour, and 7.87 hours of work by an unidentified "administrative assistant" at $120.00 per hour.  (Doc. Nos. 17 at 8; 17-1 at 8.)

## DISCUSSION

Under the Communications Act, an aggrieved party who prevails on a claim brought pursuant to 47 U.S.C. § 605 is entitled to the recovery of "full costs" and "reasonable attorneys' fees."  47 U.S.C. § 605(e)(3)(B)(iii).  Relevant here, the Act defines an aggrieved party as "any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming."  47 U.S.C. § 605(d)(6).

Here, plaintiff is entitled to recover its costs and reasonable attorneys' fees because it is an aggrieved party who prevailed on its 47 U.S.C. § 605 claim when the court granted plaintiff's

motion for default judgment and entered judgment in plaintiff's favor. *See Zarazua*, 2021 WL 3290425, at *2 ("Because the court has granted default judgment in plaintiff's favor on the Communications Act claim, plaintiff is eligible to request reasonable attorneys' fees under § 605(e)(3)(B)(iii)."); *G & G Closed Cir. Events, LLC v. Velasquez*, No. 1:20-cv-1736 JLT SAB, 2022 WL 348165, at *2 (E.D. Cal. Feb. 4, 2022) ("By granting default judgment, the court determined plaintiff was aggrieved under the Communications Act. Thus, plaintiff is entitled to an award of fees and costs under Section 605.").

**A.     Attorneys' Fees**

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable." *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019) (quoting *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016)). "To determine attorneys' fees under § 605, courts use the loadstar method," in which "courts calculate the number of hours reasonably expended on the litigation and then multiply that number by a reasonable hourly rate." *G & G Closed Cir. Events, LLC v. Zarazua*, No. 20-cv-1944-MMA-WVG, 2021 WL 3290425, at *1 (S.D. Cal. Aug. 2, 2021). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The "prevailing market rates in the relevant community" set the reasonable hourly rate for purposes of computing the lodestar amount. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Id.* (citation omitted).

   1.     Hours Expended

In support of the pending motion, plaintiff filed a declaration from its counsel, attorney Riley, including a spreadsheet of his billing records which are "reconstructed by way of a thorough review of the files themselves" based on "contemporaneous notes," because attorney Riley does not use billing software. (Doc. No. 17-1 at 3, 6–9.)

"Absent the submission of detailed contemporaneous time records justifying the hours claimed to have been expended on this case, the court gives little weight to the figures provided

3

by plaintiff." *J & J Sports Prods., Inc. v. Napuri*, No. 10-cv-04171-SBA, 2013 WL 4428573, at *2 (N.D. Cal. Aug. 15, 2013); *see also Joe Hand Promotions, Inc. v. White*, No. 11-cv-01331-CW-JSC, 2011 WL 6749061, at *2 (N.D. Cal. Dec. 6, 2011) ("Because the billing records were not created contemporaneously, the Court finds that they are inherently less reliable."); *Joe Hand Promotions, Inc. v. Be*, No. 11-cv-01333-LHK, 2011 WL 5105375, at *7 (N.D. Cal. Oct. 26, 2011) (noting that without actual billing records, the court gives "little weight" to figures "reconstructing" billable time).

Although the reconstructed billing records here are inherently less reliable, the amount of attorney time spent on this case certainly does not appear to be "unnecessary, excessive, or unreasonable." *Joe Hand Promotions, Inc. v. Albright*, No. 2:11-cv-02260-WBS, 2013 WL 4094403, at *4 (E.D. Cal. Aug. 13, 2013). In total, attorney Riley and the research attorney spent 16 hours on this matter, which is reasonable in light of the relatively short length of this case, which has spanned approximately eighteen months, and the fact that this litigation involved minimal substantive motion practice, including plaintiff's filing of a motion for default judgment and objections to the magistrate judge's findings and recommendations thereon. Given the procedural history of this case, the court finds the amount of attorney time expended on this matter to be reasonable. *See J & J Sports Prods., Inc. v. Barajas*, No. 1:15-cv-01354-DAD-JLT, 2017 WL 469343, at *3 (E.D. Cal. Feb. 2, 2017); *Albright*, 2013 WL 4094403, at *4. Accordingly, the court will award plaintiff attorneys' fees based on a lodestar calculation that accounts for 3.5 hours spent by attorney Riley and 12.5 hours spent by his research attorney.[1]

    2.  Hourly Rates

As plaintiff acknowledges in the pending motion, judges in this district have declined to award attorneys' fees based on plaintiff's counsel's requested hourly rate of $600, finding instead

---

[1] As plaintiff acknowledges in the pending motion, plaintiff's counsel's requests for "administrative assistant fees" have repeatedly been denied by this court, and plaintiff's arguments that such fees should be recoverable as "paralegal tasks" have been squarely rejected. (Doc. No. 17 at 6); *Velasquez*, 2022 WL 348165, at *3–4; *Barajas*, 2017 WL 469343, at *4. For the same reasons, plaintiff's request for an award of "administrative assistant fees" incurred in prosecuting this case is likewise denied, regardless of whether the time spent and hourly rate billed for the administrative assistant are reasonable.

4

that $350.00 per hour is a reasonable rate for attorney Riley in this district. (Doc. No. 17 at 5); *Velasquez*, 2022 WL 348165, at *5 (setting an hourly rate of $350.00 for attorney Riley and noting that "as plaintiff observes, the court awarded the hourly rate of $350.00 to Mr. Riley for work on cases involving violations of the Communications Acts") (citing *J & J Sports Prods. v. Alvarez*, No. 2:17-cv-00926-TLN-AC, 2020 WL 3483393, at *2 (E.D. Cal. June 25, 2020) (noting Mr. Riley was awarded the rate of $350 for actions in this district venued in Fresno and finding "no reason to deviate for the Sacramento [venue]") *report and recommendation adopted sub nom. J&J Sports Prod., Inc. v. Alverez*, 2020 WL 4474646 (E.D. Cal. Aug. 4, 2020). Similarly, judges in this district have declined to award attorneys' fees based on attorney Riley's requested "research attorney" rate of $325 per hour, finding instead that an hourly rate of $225.00 is reasonable. *Velasquez*, 2022 WL 348165, at *5; *G&G Closed Cir. Events, LLC v. Barajas-Quijada*, No. 1:19-cv-1259-AWI-JLT, 2020 WL 1640005, at *2 (E.D. Cal. Apr. 2, 2020). Accordingly, here too the court finds that $350.00 is a reasonable hourly rate for attorney Riley and $225.00 is a reasonable hourly rate for his research attorney.

      3.     <u>Lodestar Calculation</u>

Based on the hours expended and hourly rates found to be reasonable above, the court calculates a lodestar amount of $4,037.50.[2] Accordingly, the court will grant in part plaintiff's motion for an award attorneys' fees and award attorneys' fees in the amount of $4,037.50.

**B.**    **Costs**

As noted, 47 U.S.C. § 605(e)(3)(B)(iii) requires that the court award "full costs . . . to an aggrieved party who prevails."

Plaintiff seeks an award of costs in the amount of $1,428.70, which consists of $700.00 in "investigative expense," $66.70 in courier charges, $402.00 for the complaint filing fee, and $260.00 in service of process fees. (Doc. No. 17-1 at 8.) Only the costs for the filing fee, service

/////

---

[2] The court arrives at this calculation as follows: 3.5 hours spent by attorney Riley at a rate of $350.00 per hour = $1,225.00 and 12.5 hours spent by the research attorney at a rate of $225 per hour = $2,812.50. Thus, in total, $1,225.00 + $2,812.50 = $4,037.50.

1  of process charges, and investigative expenses are documented.³  Plaintiff has provided no
2  documentation to support the amount sought for courier charges.  The costs for courier charges
3  will therefore not be awarded.
4      With respect to the recovery of investigative costs, plaintiff contends that there is a split of
5  authority.  (Doc. No. 17 at 6–7.)  However, this court and other California district courts have
6  refused to award such pre-filing investigative fees to the prevailing party.  *See, e.g.*, *Napuri*, 2013
7  WL 4428573, at *3; *Velasquez*, 2022 WL 348165, at *6; *Alverez*, 2020 WL 3483393, at *2
8  ("Courts in this Circuit routinely decline to award such [pre-suit investigative] costs.").
9  Moreover, even if such investigative costs were recoverable, plaintiff has not provided the court
10 with sufficient documentation of these expenses or any information as to the qualifications of the
11 investigator who billed these expenses.  Plaintiff merely provides an invoice generated by the
12 Law Offices of Thomas P. Riley, which has a columns for "photos," "license," "video," and
13 "other."  (Doc. No. 17-1 at 11.)  Under the columns for "photos," "license," and "video," the
14 word "yes" is typed; under the column for "video," the word "no" is typed; and under the column
15 for "other," the figure of $0.00 is typed.  (*Id.*)  This invoice is insufficient to substantiate the
16 claimed expenses.  *See Barajas*-Quijada, 2020 WL 1640005, at *3 (finding a similarly bare
17 invoice from the Law Offices of Thomas P. Riley to be "insufficient to justify an award of
18 costs"); *see also Albright*, 2013 WL 4094403, at *6 (finding a bare invoice for investigative costs
19 to be insufficient and emphasizing that "no additional information regarding the qualifications of
20 the investigation company or what services it provided, leaving the court with no means of
21 determining if the charge is reasonable").  Accordingly, the court declines to award the requested
22 investigative costs.
23     In sum, the court finds that plaintiff has failed to meet its burden to support its request for
24 costs for the courier charges and investigative expenses.  Plaintiff's request for costs will be
25 /////
26
27 ³ Although plaintiff did not submit a copy of receipt for the complaint filing fee, the docket in this case makes clear that the $402.00 filing fee was paid on June 24, 2022.  (*See* docket,
28 indicating "[f]iling fee $402, receipt number ACAEDC-10296646.")

granted as to $662.00 for the filing fee and service of process costs, and denied as to all other claimed costs.

## CONCLUSION

For the reasons explained above,

1. Plaintiff's motion for an award of attorneys' fees and costs (Doc. No. 17) is granted in part as follows:

    a. The court awards $4,037.50 to plaintiff in attorneys' fees; and

    b. The court awards $662.00 to plaintiff in costs; and

2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **December 26, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE